1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAVANCE ROSS PAYNE,                          No.  2:20-cv-1231 DB P

12                Plaintiff,

13          v.                                     ORDER

14    JAMES T. LIM,

15                Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18    1983.  Plaintiff claims defendant was deliberately indifferent to plaintiff's medical needs in

19    violation of his Eighth Amendment rights.  Before the court is plaintiff's motion to proceed in

20    forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).

21                                   **IN FORMA PAUPERIS**

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23    1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4    1915(b)(2).

5                                          **SCREENING**

6    **I.       Legal Standards**

7         The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

9    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

10   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12   U.S.C. § 1915A(b)(1) & (2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

19   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

20   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

21   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

22   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23        However, in order to survive dismissal for failure to state a claim a complaint must

24   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

27   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

28   ////

1   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3        The Civil Rights Act under which this action was filed provides as follows:

4             Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the deprivation

5             of any rights, privileges, or immunities secured by the Constitution .
. . shall be liable to the party injured in an action at law, suit in equity,

6             or other proper proceeding for redress.

7   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

10   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

11   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

12   an act which he is legally required to do that causes the deprivation of which complaint is made."

13   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

15   their employees under a theory of respondeat superior and, therefore, when a named defendant

16   holds a supervisorial position, the causal link between him and the claimed constitutional

17   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

18   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

19   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

20   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21       **II.**    **Allegations in the Complaint**

22        Plaintiff indicates that the events giving rise to his claim occurred while he was

23   incarcerated at California State Prison, Sacramento ("SAC").  (ECF No. 1 at 5.)  He names James

24   T. Lin, M.D., as the sole defendant in his complaint.  (Id. at 2.)

25        Plaintiff's complaint contains the following allegations: on June 14, 2018, plaintiff had a

26   "mental break-down."  (Id. at 5.)  This caused him to punch a wall, fracturing a finger in his right

27   hand.  (Id.)  On July 6, 2018, Dr. Lin operated on plaintiff to repair his broken hand by inserting

28   two plates into plaintiff's finger.  (Id.)  One of the plates broke on February 6, 2019, due to

3

1    pressure on plaintiff's finger from his cane.  (Id.)  Dr. Lin performed a second operation on

2    August 8, 2019.  (Id.)  "[This surgery] was later discovered 'not' to [have] been done properly,

3    and has continued to cause plaintiff ongoing pain and suffering…."  (Id.)  The second surgery

4    resulted in "deformity of plaintiff's right hand" which plaintiff implies was due to a bent screw.

5    (Id.)  Plaintiff seems to indicate but does not state, that the second surgery, performed on

6    February 6, 2019, was to address the plate broken on July 6, 2018.  (Id.)

7         Plaintiff claims that Dr. Lin was deliberately indifferent to plaintiff's serious medical need

8    in violation of plaintiff's "right to be free from cruel and unusual punishment" under the Eighth

9    Amendment.  (Id. at 6.)  Plaintiff alleges that Dr. Lin actions were "willful, intentional, malicious,

10   wanton, deliberate, [and] for the sole purpose of causing actual harm. . . ."  (Id. at 7-8.)  Plaintiff

11   also alleges that Dr. Lin should have known through his medical training that he acted in a way

12   that "created an unreasonable risk of substantial harm to the plaintiff."  (Id. at 7.)

13        **III.    Does Plaintiff State a Claim under § 1983?**

14             **A.  Legal Standards under the Eighth Amendment**

15        The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

16   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

17   punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

18   Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

19   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

20   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

21   by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

22             **B.  Deliberate Indifference to Medical Need**

23        If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

24   must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

25   to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has

26   two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

27   response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

28   other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

1    A medical need is serious "if the failure to treat the prisoner's condition could result in

2 further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974

3 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

4 "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

5 at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

6 objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

7 825, 834 (1994).

8    If a prisoner establishes the existence of a serious medical need, he must then show that

9 prison officials responded to the serious medical need with deliberate indifference.  See Id. at

10 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or

11 intentionally interfere with medical treatment, or may be shown by the way in which prison

12 officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

13 1988).

14    Before it can be said that a prisoner's civil rights have been abridged with regard to

15 medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

16 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

17 Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

18 Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

19 diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

20 Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

21 mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

22 the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

23    Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

24 at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

25 plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

26 Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

27 Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

28 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

1   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

2   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

3   his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

4          Finally, mere differences of opinion between a prisoner and prison medical staff or

5   between medical professionals as to the proper course of treatment for a medical condition do not

6   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

7   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

8   F.2d 1337, 1344 (9th Cir. 1981).

9          **C.  Analysis**

10          Plaintiff fails to allege sufficient facts to state a cognizable medical need claim under the

11   Eighth Amendment.  Plaintiff claims that Dr. Lin was deliberately indifferent to plaintiff's serious

12   medical need.  Specifically, plaintiff asserts that Dr. Lin acted with the intent to harm the plaintiff

13   when he improperly performed surgery on plaintiff's finger causing his hand to become

14   deformed.  (ECF No. 1 at 7-8.)  However, plaintiff does not include any facts in his complaint to

15   support this claim.

16          The allegations in the plaintiff's complaint are conclusory in nature.  While plaintiff does

17   claim that Dr. Lin acted intentionally to harm him, plaintiff does not allege any facts to support

18   this.  To state a claim, a complaint must contain factual allegations sufficient "to raise a right to

19   relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  A complaint fails to state a

20   claim when it simply contains "a formulaic recitation of the elements of a cause of action."  Id.

21   Plaintiff's complaint only includes an allegation that Dr. Lin acted with the "sole purpose of

22   causing actual harm" (ECF No. 1 at 8) without providing any additional factual allegations in

23   support of this claim.  As such, plaintiff's complaint does not contain sufficient factual allegations

24   to state a claim.

25          Additionally, plaintiff does not allege any facts that show Dr. Lin performed the surgery

26   improperly, let alone with deliberate indifference.  To establish a cause of action for deliberate

27   indifference, the defendant's indifference to the plaintiff's medical needs must be substantial.

28   Broughton, 622 F.2d at 460.  It is not sufficient to show negligence or medical malpractice.  Id.

1    Plaintiff has not alleged any facts that establish Dr. Lin acted with negligence, let alone deliberate

2    indifference.

3           Accordingly, plaintiff has failed to allege facts sufficient to state a claim of deliberate

4    indifference to medical need under the Eighth Amendment.  Plaintiff's complaint will be

5    dismissed and plaintiff will be granted leave to amend his complaint.

6                            **AMENDING THE COMPLAINT**

7           This court finds above that plaintiff's complaint fails to state cognizable claims against

8    Dr. Lin.  Plaintiff will be given leave to file an amended complaint to state claims against Dr. Lin

9    or any other defendant.  Any amended complaint must be complete in itself.  The court cannot

10   refer to a prior complaint to understand the plaintiff's claims.

11          If plaintiff chooses to file an amended complaint, he must address the problems with his

12   complaint that are explained above. In an amended complaint plaintiff must clearly identify each

13   defendant and the action that defendant took that violated his constitutional rights.  The court is

14   not required to review exhibits to determine what plaintiff's charging allegations are as to each

15   named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

16   complaint.  The charging allegations must be set forth in the amended complaint, so defendants

17   have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

18   detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

19   each claim.  See Fed. R. Civ. P. 8(a).

20          Any amended complaint must show the federal court has jurisdiction, the action is brought

21   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

22   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

23   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

24   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

25   deprivation of a constitutional right if he does an act, participates in another's act, or omits to

26   perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

27   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

28   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

                                          7

1    In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.

2    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

3    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

5    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

6    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

8    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

9    set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

10   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

11   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

12   An amended complaint must be complete in itself, without reference to any prior pleading.

13   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

14   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

15   evidentiary support for his allegations, and for violation of this rule, the court may impose

16   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

17                                        **CONCLUSION**

18   Accordingly, IT IS HEREBY ORDERED that:

19      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

20      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

22   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23   Director of the California Department of Corrections and Rehabilitation filed concurrently

24   herewith.

25      3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

26   ////

27   ////

28   ////

1        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

2    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

4    number assigned to this case and must be labeled "First Amended Complaint."

5        5.  Failure to comply with this order will result in a recommendation that this action be

6    dismissed.

7    Dated:  April 21, 2021

8

9

10                   DEBORAH BARNES
                UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15   DLB:14
    DLB1/Orders/Prisoner/Civil.Rights/payn1231.scrn

16

17

18

19

20

21

22

23

24

25

26

27

28

                    9