1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10     JAVANCE ROSS PAYNE,                    No.  2:20-cv-1231 DB P

11              Plaintiff,

12         v.                                 ORDER

13     JAMES T. LIM,

14              Defendant.

15

16         Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

17   appointment of counsel.

18         The United States Supreme Court has ruled that district courts lack authority to require

19   counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

20   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

21   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23         The test for exceptional circumstances requires the court to evaluate the plaintiff's

24   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

25   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

26   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

27   common to most prisoners, such as lack of legal education and limited law library access, do not

28   /////

                                           1

1 | establish exceptional circumstances that would warrant a request for voluntary assistance of

2 | counsel.

3 |      In his motion, plaintiff requests appointment of counsel asserting that exceptional

4 | circumstances exist.  Plaintiff suggests that he was previously receiving help from another inmate

5 | with this case but that inmate has since transferred.  (ECF No. 23 at 1.)  He now requests the

6 | appointment of counsel due to "plaintiff's education and reading ability" the necessary legal work

7 | challenging.  (Id.)  Plaintiff also attaches a number of exhibits which appear to show various

8 | prison officials noting plaintiff sometimes requires assistance with reading and writing.  (Id. at 3-

9 | 9.)

10 |      In the present case, the court does not find the required exceptional circumstances.  So far

11 | in these proceedings, plaintiff has done an acceptable job of articulating his claims and has even

12 | successfully passed screening of those claims.  (See ECF No. 19.)  Plaintiff's claim is also not

13 | particularly complex.  It involves a single claim against a single defendant and a relatively simple

14 | factual background.  The court does recognize that plaintiff may face some challenges as a result

15 | of potential education factors.  However, at the present time it does not appear that plaintiff has

16 | been at all hindered by these issues.  Plaintiff also appears to be receiving assistance from prison

17 | staff and other inmates.

18 |      In light of the relative simplicity of plaintiff claims and plaintiff's success in arguing those

19 | claims so far, the court finds that the required exceptional circumstances are not present at this

20 | time.  The court will deny plaintiff's motion without prejudice to its renewal at a later stage of the

21 | proceedings.

22 |      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

23 | counsel (ECF No. 23) is denied without prejudice.

24 | Dated:  May 3, 2022

25 |

26 |

27 |      DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

28 | DB:14
DB/DB Prisoner Inbox/Civil Rights/R/payn1231.31

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28