UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANCE ROSS PAYNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES T. LIM,<br><br>　　　　　Defendant. | No. 2:20-cv-01231 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant was deliberately indifferent to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment rights. Plaintiff has requested the issuance of subpoenas so that plaintiff may acquire medical records relevant to the present action. (ECF No. 31.)

**I.      Motion for Subpoenas**

Plaintiff requests that the court provide him with "three blank subpoena forms to subpoena medical records." (ECF No. 31 at 1.) Plaintiff states that he wishes to subpoena portions of his medical records. (Id.) Specifically, plaintiff seeks X-ray photographs from 2019 contained in his medical file. (Id.) In his motion, plaintiff states that he "had already ask [sic] medical for my xray" but that his request was denied as he did not have an attorney. (Id.) Given that defendant Lim is the only defendant in this action, it appears that plaintiff is requesting that issuance of a third-party subpoenas duces tecum.

1

## II.     Legal Standards

A non-party may be compelled to produce documents for inspection and copying pursuant to a subpoena duces tecum.  See Fed. R. Civ. P. 34(c), 45(a).  Subject to certain requirements, a plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  A court may grant such a request only after a plaintiff has shown that the documents or items sought from the nonparty are not obtainable from the defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party.  See, e.g., Davis v. Ramen, 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010).

## III.     Discussion

Plaintiff has filed a motion to subpoena of items contained in his medical records.  Based on the limited information contained in the motion, it appears that these documents may be relevant to the present action.  However, plaintiff has not shown that these records are only obtainable via issuance of a subpoena.  Inmates are typically able to access their own medical records.  Plaintiff must ensure that he has properly pursued available avenues prior to a subpoena being issued.  Fed. R. Civ. P. 34.  Additionally, plaintiff has not clearly identified for the court the exact documents sought and the third-party who possesses them.

Given the above, plaintiff's motion (ECF No. 31) will be denied.  However, should plaintiff find that he is unable to obtain these records through the means available to him, he may file a renewed motion requesting the court issue third-party subpoena duces tecum.  In doing so, he must ensure that any such motion complies with the rules described above and any other applicable law.

////

### IV.     Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for third-party subpoena (ECF No. 31) is denied without prejudice.

Dated:  September 1, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/payn1231.3psubp